HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN COMMERCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY A. STEWART, a single man,<br><br>Defendant. | No. 3:10-cv-05240-RBL<br><br>ORDER ON DEFENDANT'S MOTION TO STAY [Dkt. #22] |

This matter is before the Court on Defendant's Motion to Stay this Action Pending Resolution of the Underlying State Court Lawsuit [Dkt. #22].

This case and the underlying lawsuit arise out of an automobile accident on May 15, 2008. Defendant's son, Christopher Stewart, struck pedestrians William Lee and Dawn Smith[1] ("Lee and Smith") while driving through 5-Mile Drive in Pt. Defiance Park. Lee and Smith sued Christopher Stewart in state court, alleging extensive damages. They also allege Jeffrey Stewart is liable for his son's actions under the family car doctrine.[2]

Plaintiff American Commerce Insurance Company ("American Commerce") has been defending Defendant Jeffrey Stewart ("Stewart") in the underlying lawsuit under a reservation of rights. It commenced this Declaratory Action in an effort to establish that it owes no duty to

---

[1] Lee and Smith have entered an appearance in this action as intervenor defendants and have had the opportunity to respond to both Defendant's Motion to Stay and Plaintiff's Motion for Summary Judgment.

[2] The family car doctrine establishes that a person who maintains or provides a motor vehicle for the use of a member of his or her family is responsible for the acts of that individual in the operation of that motor vehicle. *See Kaynor v. Farline*, 117 Wn. App. 575, 584, 72 P.3d 262 (2003).

ORDER - 1

defend or indemnify Stewart because the claims alleged against him are not covered under his policy. American Commerce has filed a Motion for Summary Judgment seeking a declaration that it has no duty to defend or indemnify Stewart because of exclusionary language in the policy [Dkt. #6]. The Summary Judgment Motion will be addressed in a separate order.

Stewart requests a stay of this case, arguing that his right to coverage under his policy depends on disputed factual issues in the underlying suit. American Commerce responds that there are no issues of material fact.

Granting Defendant's request for a stay would provide him with a defense in the underlying lawsuit regardless of whether or not he is covered by his American Commerce policy. Defendant's Motion to Stay is therefore DENIED.

## I.   Legal Standard

The district court has discretion to determine when to entertain an action under the Declaratory Judgment Act[3]. *Wilton v. Steven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Even if the suit is constitutionally and statutorily allowed, the district court has the discretion to determine whether the action is appropriate. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). However, this discretion is not unfettered. *Id.* In determining whether the action is appropriate, district courts look to the factors in *Brillhart v. Excess Insurance Co. of America*[4]. Those factors, which are not intended to be exhaustive, include the following: 1) avoiding needless determination of state law issues; 2) discouraging litigants from filing declaratory actions as a means of forum shopping; and 3) avoiding duplicative litigation. *Gov't Employees Ins. Co.*, 133 F.3d at 1225. Other factors that have been considered include 1) whether the declaratory action will settle all aspects of the controversy; 2) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; 3) whether the declaratory action is being sought merely for the purpose of procedural fencing or to obtain "res judicata" advantage; 4) whether the use of a declaratory action will

---

[3] 28 U.S.C. § 2201(a).

[4] 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

result in entanglement between the federal and state court systems; 5) the convenience of the parties; and 6) the availability and relative convenience of other remedies. *Id.* at 1225 n.5.

## II. Analysis

A. Needless Determination of State Law Issues

Entertaining this action would not result in the needless determination of state law issues. The Washington Supreme Court allows an insurer, when unsure of its obligation to defend, to defend an insured under a reservation of rights while seeking a declaratory judgment that it has no duty to defend or indemnify. *American Best Foods, Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 405, 229 P.3d 693 (2010). As a result, an insurer avoids breaching its duty to its insured and may avoid having to pay if coverage does not exist. *See id.* American Commerce has followed this procedure, and this court has discretion to determine whether or not the policy excludes Stewart from coverage.

B. Discouraging Forum Shopping

There is no evidence and no claim suggesting that American Commerce engaged in improper forum shopping. This factor does not weigh in favor of a stay.

C. Avoiding Duplicative Litigation

The issue of whether or not American Commerce owes a duty to defend or indemnify Stewart is not before the state court. While some factual overlap may exist, American Commerce has filed a motion for summary judgment arguing that no issues of material fact exist in this matter. If that is the case, this court need not resolve any factual issues in its determination. If that is not the case, the court will likely stay discovery until resolution of the underlying state claims.

D. Other Factors

This declaratory action could settle all of the coverage issues between American Commerce and Stewart, as well as help to clarify their relationship. Stewart argues that he is fighting a "two front war" as a result of defending himself against Lee and Smith and defending himself against American Commerce. Stewart has responded to American Commerce's Motion for Summary Judgment. Lee and Smith have also had an opportunity to respond to that motion.

Stewart will not be prejudiced by allowing the court to make a determination on that motion as to whether any issues of material fact exist. Contrarily, if a stay is granted prior to addressing the motion for summary judgment, American Commerce will be forced to defend Stewart regardless of whether or not he is covered under the policy. After weighing the *Brillhart* factors and the issue of fairness toward all parties, a stay is inappropriate at this time.

### III. Conclusion

Defendant's Motion to Stay this Action Pending Resolution of the Underlying State Court Lawsuit is DENIED.

**IT IS SO ORDERED.**

Dated this 9th day of July, 2010.

*/s/ Ronald B. Leighton*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE